**Nazmi POTKA, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–3654.

United States Court of Appeals, Sixth Circuit.

May 6, 2003.

Before: MOORE and ROGERS, Circuit Judges; HOOD, District Judge.*

*ORDER*

Nazmi Potka, a native of Albania, petitions for review of a Board of Immigration Appeals order that affirmed without opinion a decision of the immigration judge that denied Potka's application for asylum. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Potka applied for admission to enter the United States in 1996 without valid entry documents. Potka applied for asylum on the ground that he was persecuted in Albania on the basis of his anti-Communist political beliefs, and a well-founded fear of further persecution if he returns. The Immigration and Naturalization Service issued a notice to appear charging Potka with being subject to removal because of inadmissibility, and the Immigration Judge conducted a hearing on December 11, 1997. The Immigration Judge denied Potka's petition, and Potka appealed the decision pro se. The Board of Immigration Appeals affirmed the Immigration Judge's decision without opinion in a per curiam order, and this timely petition for review followed.

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Before this court, Potka is represented by counsel, and contends that he should be granted asylum and deportation should be withheld because he was persecuted and has a well-founded fear of persecution if he is returned to Albania. The government responds that the Immigration Judge's decision is supported by substantial evidence, and moves to substitute the United States Attorney General as the proper respondent in this case.

This court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Mikhailevitch v. INS,* 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The evidence in this case does not meet this standard.

Potka does not dispute the Immigration Judge's summary of the evidence of record, which need not be reiterated at length herein. However, the Immigration Judge noted that Potka presented credible evidence that members of his family suffered persecution at the hands of the Communist government no longer in power in Albania. In particular, Potka testified that his mother was killed, and Potka saw her body dragged through the streets after she was captured during an attempt to escape Albania into Greece in 1974. Nonetheless, the Immigration Judge determined that Potka did not meet his burden of showing that he was persecuted by the former Communist government. Rather, the evidence suggests that Potka was harassed by the Albanian government only during the period 1987–91, in 1987 as a result of Potka's cousin's escape from the country, and in 1991 when Potka helped topple a statute of a Communist leader.

Evidence that supports Potka's contention that his treatment ever subsequently rose to the level of persecution is inconsistent and therefore not credible. Thus, the evidence does not support Potka's contention that he has a well-founded fear of persecution if he is returned to Albania. In 1991, elections in Albania swept the Communist government out of office. Evidence that Potka has anything to fear if returned to Albania is vague and scant. The evidence in this case is not so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *See Elias–Zacarias,* 502 U.S. at 481, 484. Moreover, Potka's experiences at no point were comparable in degree or severity to the experiences of those aliens that the courts have found deserving of asylum in the absence of a well-founded fear of persecution. *See, e.g., Bucur v. INS,* 109 F.3d 399, 405 (7th Cir.1997) (holding that the granting of asylum on the basis of past persecution alone is to be reserved for "the case of the German Jews, the victims of the Chinese 'Cultural Revolution,' survivors of the Cambodian genocide, and a few other such extreme cases"). See also 8 C.F.R. § 208.13(b)(1)(iii)(A)(2001) (allowing asylum on the basis of past persecution without a fear of future persecution where there are "compelling reasons for being unwilling or unable to return to the [applicant's] country arising out of the severity of the past persecution"). Accordingly, the petition for review of the decision of the Board of Immigration Appeals must be denied.

Finally, the motion to substitute the Attorney General as respondent will be granted. The government correctly notes that 8 U.S.C. § 12(b)(3)(A) provides that the Attorney General is the proper respondent in an action for judicial review of a

Board of Immigration Appeals order. *See Westover v. Reno,* 202 F.3d 475, 477 n. 1 (1st Cir.2000). Accordingly, the motion to substitute the Attorney General as respondent is granted.

For the foregoing reasons, the motion to substitute is granted, and the petition for judicial review of the Board of Immigration Appeals order is denied.

Before: NELSON and COLE, Circuit Judges; and ROSEN, District Judge.*